30 C.C.P.A. (Patents)

### In re SCHMIDT et al.
### Patent Appeal No. 4662.

Court of Customs and Patent Appeals.

Dec. 26, 1942.

George H. Kennedy, Jr., of Worcester, Mass. (Charles E. Riordon, of Washington, D. C., of counsel), for appellants.

W. W. Cochran, of Washington, D. C. (Clarence W. Moore, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 14, 17, and 19 in appellants' application for a patent for an alleged invention relating to improvements in an internal grinding machine of the centerless or chuckless type.

Four apparatus claims—8, 9, 15, and 18 —and a method claim—16—were allowed by the Primary Examiner.

The appealed claims read:

"14. In a machine of the class described, a chuckless or centerless means for the support and rotation in alignment of two externally-tapered hollow workpieces, to allow simultaneous tooling of their bores, said means comprising a plurality of circumferentially-spaced rotary members, the latter surrounding a workpiece-receiving space and having two sets of relatively-narrow flanges spaced apart for rolling contact with the respective tapered surfaces of said two workpieces when said workpieces are arranged in said space with their larger-diameter ends in opposed relation

between said sets of flanges, said space extending appreciably beyond said sets of flanges in both directions, and means for yieldingly urging one of said rotary members and its flanges against the tapered surfaces of the so-arranged workpieces, whereby the latter, if differing in external dimension, are caused to have within said space such joint endwise movement relative to said flanges as to carry said workpieces into concentric relation for the simultaneous tooling of their bores."

"17. In a machine of the class described, a chuckless or centerless means for the support and rotation in alignment of two externally-tapered hollow workpieces to allow simultaneous grinding of their bores, said means comprising a plurality of circumferentially spaced rotary members providing two sets of work-contacting flanges, one for each workpiece, and of such diameter and spacing as to afford centerless support for the two workpieces by contact with their tapered surfaces only when the workpieces are arranged with their larger-diameter ends in opposed relation between said flanges and with their respective tapered surfaces converging away from each other, said flanges being of appreciably less width than the lengths of said tapered surfaces, and affording support to both workpieces in the absence of obstruction to the latter's endwise movement in either direction relative to said flanges, and means for yieldingly urging one of said rotary members and its flanges against the tapered surfaces of the so-arranged workpieces, whereby the latter, if differing in external dimension, are caused, in reaching equilibrium of support by said flanges to move endwise into concentric relation to each other."

"19. In an internal grinding machine, a centerless or chuckless work-holding structure for the support and rotation in alinement of a pair of similar hollow workpieces having tapered external surfaces, said structure comprising a backing or regulating roll, a supporting member and a pressure roll, arranged about a workpiece-receiving space, each of said rolls having a pair of annular flanges, one for each workpiece, and spaced apart in two sets to obtain peripheral rolling contact with said tapered external surfaces when said alined workpieces have their larger-diameter ends in opposed relation between said sets of flanges, said flanges being appreciably narrower than the tapered workpiece surfaces engaged thereby and being spaced inwardly from both ends of said space by approximately the length of the associated tapered workpiece surface, whereby the so-arranged workpieces, if differing in external dimension, are free to move endwise in unison within said space relative to said flanges, until supported in concentric relation by said flanges."

The reference is: Highberg, 2,003,713, June 4, 1935.

Appellants' application discloses a chuckless or centerless means in an internal grinding machine for the support and rotation and the "simultaneous internal grinding" of a pair of hollow workpieces having tapered or contoured external surfaces. The workpieces in appellants' apparatus are in tandem alignment and in concentric relation for the simultaneous grinding of their bores, regardless of variations in their external surfaces. The workpieces, surrounded by three rollers, are supported on two of them. One of the supporting rollers is referred to as a "supporting roll," and the other as a "regulating roll." By means of mechanism which is old in the art and which need not be described here, the workpieces are urged into contact with the "supporting" and "regulating" rolls by a third roll, referred to as a "pressure roll." The regulating roll, driven by suitable mechanism which is old in the art and, therefore, need not be described here, imparts a rotary movement to the workpieces. Each of the three rollers is provided with a pair of spaced flanges which contact the workpieces. The flanges are relatively narrow and are provided with beveled peripheries which seat on the external tapered surfaces of the hollow workpieces. If the workpieces are identical as to external dimensions, they are forced into abutting relationship and in axial alignment by the flanges on the rollers. When so positioned, the workpieces are supported by, and are in contact with, the peripheries of the flanges, and are rotated about a common axis. If the external tapered surfaces of the workpieces vary in dimensions, the workpieces, without the need of any adjustment of appellants' apparatus, are forced to shift endwise by one of the flanges on the pressure roll and one of the flanges on the regulating roll operating in peripheral engagement with the outer surface of the larger workpiece until the outer surface of the smaller workpiece is brought into engagement with the peripheries of the other flanges on the pressure and regulating rolls. Since the space between the points of contact of the smaller workpiece and its supporting flanges is exactly the same as the space between the

points of contact of the larger workpiece and its supporting flanges, the two workpieces, in rolling contact with the peripheries of the flanges, are supported and rotated on a common axis, thus permitting a uniform internal grinding operation thereof. In addition to the structure and its operation as described, the endwise movement in unison of the workpieces is made possible by an elongated workpiece-receiving space.

The reference patent to Highberg discloses a chuckless or centerless type of grinding machine, designed to grind the bores of "annular workpieces." The apparatus is capable of grinding the bore of but one workpiece at a time. The workpiece in the Highberg reference is supported by three rollers, each of which is provided with flanges. A rotary movement is imparted to the workpiece by one of the rollers. The workpiece in the patentee's structure is disclosed as being held *between* the flanges of the rollers. It is stated in the patent that the flanges on all three rollers "hold the workpiece longitudinally of the axis thereof, and it should be noted in this connection that these flanges are slightly wedge shaped in order to grip the workpiece firmly."

It will be observed that instead of the peripheries of the flanges on the rollers coming in contact with, and imparting a rotary movement to, the workpiece as in appellants' apparatus, the patentee's apparatus is so designed that the workpiece is held between the wedge-shaped flanges on the rollers. Furthermore, there is nothing in the patent to indicate how it would be possible to arrange the patentee's rollers and the flanges thereon so that the bores of a plurality of workpieces could be ground at the same time, nor is there any suggestion in the patent of how the structure therein defined might be arranged to shift two workpieces of different external dimensions so that they could be supported and rotated on the same axis and their bores uniformly ground in the same operation.

That appellants' apparatus involves invention over the patent to Highberg is evidenced by the fact that the Primary Examiner allowed a method claim and four apparatus claims. The appealed claims, however, were rejected by the examiner on the ground that they "do not define any differences in structure over the structure of the Highberg machine." The examiner called attention to the fact that there was some workpiece-receiving space in the Highberg machine, and stated that the limitation in each of the appealed claims that the workpiece-receiving space extended appreciably beyond the flanges in both directions was not sufficient to warrant the allowance of the claims, and that it would not amount to invention to space "the rolls of the Highberg machine a greater axial distance from the frame of the machine" and thus obtain a larger workpiece-receiving space.

On appeal, the Board of Appeals, after describing appellants' apparatus and the apparatus disclosed in the Highberg patent, stated that there "seems to be no good reason why workpieces cannot be supported on the flanges in this patent in the same manner as in applicant's device. The claims before us recite no structure which is not readable directly on the patent." The board further stated:

"Applicants stress the introductory language in the claims and argue that it distinguishes from the patent and should be considered. This introductory language merely states a specific use of *the same type of machine* as in the reference. In the same type of machine it is obvious that workpieces can be supported in different ways. However, a new machine is not defined by merely indicating in the claims the way the workpieces are supported. The machine remains the same. Hence, we think that the introductory language fails to define any difference over the patent." (Italics not quoted.)

A considerable portion of the brief of counsel for appellants is devoted to a discussion of the differences between the disclosure in the reference patent and appellants' apparatus. With much of that discussion, we are in entire accord. The question here, however, is not whether appellants' apparatus involves patentable subject matter, but rather is whether the appealed claims define patentable subject matter.

It will be observed that appealed claims 14 and 17 call for a plurality of rotary members surrounding a workpiece-receiving space, such members having relatively narrow flanges spaced apart for rolling contact with the respective tapered surfaces of two workpieces when such workpieces are arranged in the manner stated in the claims, the workpiece-receiving space being stated to extend appreciably beyond the sets of flanges in both directions. They

also call for means for yieldingly urging one of the rotary members and its flanges against the tapered surfaces of the workpieces. However, neither of those claims calls for an arrangement of parts in which the *peripheries* of any of the flanges on any of the rotary members are in rolling contact with the external surface or surfaces of the workpieces, nor is there anything in the introductory clauses of those claims which warrants the reading of such a limitation into them. We find no merit in the argument presented here by counsel for appellants that those claims are patentably distinguishable from the Highberg disclosure because they contain the limitations that the flanges are relatively narrow and that the workpiece-receiving space extends appreciably beyond the sets of flanges in both directions. Furthermore, we find no merit in the argument of counsel that those claims are patentably distinguishable from the Highberg disclosure because of the limitation contained in them that the relatively narrow flanges are in rolling contact with the workpieces. As a rotary movement is imparted to the workpiece by one of the rollers in the Highberg apparatus, and as the workpiece in that apparatus is held between the wedge-shaped flanges on the rollers, it is obvious that the Highberg flanges are in rolling contact with the workpieces, although the peripheries of the flanges are not. We think it is clear, therefore, that the only difference between the apparatus disclosed in the Highberg reference and that defined by appealed claims 14 and 17 is that of use and function, not of structure. Accordingly, we are of opinion that those claims were properly rejected by the tribunals of the Patent Office. See In re Carr, 120 F.2d 386, 28 C.C.P.A., Patents, 1240.

Claim 19 contains the limitation that the apparatus defined therein is so arranged that the *peripheries* of the annular flanges are in rolling contact with the external surfaces of the workpieces, and it is this arrangement which forces workpieces having identical external dimensions into abutting relationship and in tandem alignment, and which, without any adjustment of parts, forces workpieces, the external surfaces of which vary in dimensions, to shift endwise until they are supported and rotated on a common axis. Such an arrangement permits a uniform internal grinding operation to be performed on two workpieces at the same time. We are of opinion, therefore, that claim 19 defines an apparatus which differs not only in structure but also in function and use from that disclosed in the Highberg reference, and that appellants' apparatus, as defined in that claim, is patentably distinguishable from the patentee's disclosure.

For the reasons stated, the decision of the Board of Appeals is modified, being affirmed so far as it holds that claims 14 and 17 are not patentable over the Highberg reference and reversed so far as it holds the apparatus defined in claim 19 to be unpatentable over that reference.