Affirmed.

GARRETT, Presiding Judge, did not participate in the hearing or decision of this case.

**34 C.C.P.A.(Patents)**

### Application of HILL et al.
### Patent Appeal No. 5224.

Court of Customs and Patent Appeals.
Jan. 7, 1947.

Joseph J. Gravely and Carr, Carr & Gravely, all of St. Louis, Mo., for appellants.

W. W. Cochran, of Washington, D. C. (H. S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims, Nos. 1 to 6, inclusive, in appellants' application for a patent for an alleged invention relating to roller bearings.

Claims 2, 3, and 6, were rejected as being drawn to non-elected species and, therefore, need not be considered here on their merits.

Claim 1, which is a generic claim, and claim 4, which is drawn to an elected species, are illustrative of the appealed claims. They read:

"1. A roller bearing comprising race members at least one of which has a thrust flange provided with a concave curved thrust surface, and rollers interposed between said race members, said rollers having ends formed with convex curved surfaces contacting with the concave surface

of the thrust flange, but the curvatures of the opposed surfaces of the flange and roller end being dissimilar, when the bearing is unloaded, at least in the circumferential direction of the bearing, giving contact between each roller end and thrust flange at a single point in said circumferential direction and leaving clearances between the flange and opposed parts of the roller ends on opposite sides of the positions of contact, the initial clearance being such that deflection of the rollers under a given load will cause said clearance to be taken up and approximately full surface contact between the rollers and the flange to result.

"4. A roller bearing comprising a race member provided with a thrust flange having a concave thrust surface, and rollers having convex end surfaces, said concave thrust surface being of a curvature, in a transverse plane of the flange, such that each roller makes contact therewith, in the unloaded condition of the bearing, only at the top of the flange, with a clearance between the lower portion of the flange and the roller end, and the curvature of said thrust surface, in the circumferential direction of the bearing, being different from the curvature of the ends of the rollers in the same direction, so that when the bearing is unloaded a single point contact is obtained between the end of each roller and the thrust flange, with clearances between the latter and the side portions of the opposed part of the roller end, the initial clearance being such that deflection of the roller under a given load will cause said clearance to be taken up and approximately full surface contact between the roller and the flange to result.

The reference relied upon is: Swedish Patent 99,906, September 24, 1940.

Appellants' roller bearing is of the type which comprises a circular row of rollers mounted between upper and lower bearing race rings. In the preferred form of the device the surface of the lower ring which contacts with the rollers is flat and the rollers are substantially frusto-conical. Accordingly, each roller, when placed in position on the inner ring, is tilted and its axis will intersect that of the bearing. With that arrangement, when the bearing is loaded, the rollers are subjected not only to a radial compression, but to an axial thrust. To counteract the thrust, the lower bearing ring is provided at its edge adjacent the larger ends of the rollers with an annular flange against which the ends of the rollers abut. The end of each roller, which abuts the flange is formed with a convex spherical curvature, the center of such curvature being on the axis of the roller at a point between the roller and the point of intersection of the axes of the roller and the bearing. The surface of the flange which abuts each roller has a concave spherical curvature, but the center of the curvature lies at or beyond the point of intersection of the roller and bearing axes. The flange surface thus has a greater radius of curvature than the end surface of the roller and, accordingly, when the bearing is unloaded, each roller will contact the flange at one point only, which point, in appellants' preferred construction, is at the top of the flange, as disclosed in Figure 10 of the application. When the roller bearing is loaded, the shape of each roller therein is modified, that is, flattened, so that the radius of curvature of its end surface is changed. The radius of curvature of the surface of the flange adjacent each roller is so selected that such surface will substantially conform to the end surface of the roller when carrying a load, with the result that the rollers make a point contact with the flange when unloaded and a surface contact when carrying a load. With that arrangement, according to counsel for appellants, which is not challenged by the tribunals of the Patent Office, there is no angular shifting of the rollers when the load is applied.

It was agreed by appellants and the Patent Office tribunals that the disclosure of the Swedish patent is identical with that of the British patent No. 541,618 and, for purposes of convenience, the British patent has been referred to throughout in considering the rejection of the appealed claims.

The reference discloses the same general arrangement of bearing rings and frusto-conical rollers as does appellants' application. The reference also shows a flange on one of the bearing rings for resisting the axial thrust of the rollers and, in the reference, as in the application, the end of each roller which abuts the flange has a convex

spherical surface whose center of curvature lies on the axis of the roller, between the roller and the point of intersection of the roller and bearing axes, while the surface of the flange which contacts the end of each roller has a concave spherical surface, whose center of curvature lies beyond that of the end surface of the corresponding roller. The patentee's arrangement necessarily results in a contact between the roller and the flange at one point only, when the bearing is not under a load, and the patent so states. However, in the structure of the application, the adjacent surfaces of the flange and roller are said to be so proportioned and arranged as to produce a surface contact when the bearing is loaded (and no contention is made to the contrary by the tribunals of the Patent Office), whereas the proportioning and the arrangement in the reference is such that the loading of the bearing merely shifts the point of contact between the bearing and the flange and does not produce such a surface contact as is apparently contemplated by appellants.

From what has been said it would appear that appellants' application contemplates a somewhat different proportioning of parts and method of operation from those of the reference. That difference, however, is not brought out in claims 1, 4, and 5, except in *functional terms.* Each of those claims is readable on the reference except for the final clause therein. Each of the three claims contains substantially the same final clause, which in claim 4, reads: * * * the initial clearance being such that deflection of the roller under a given load will cause said clearance to be taken up and approximately full surface contact between the roller and the flange to result.

With reference to the quoted excerpt from claim 4, the board said: * * * The claim then states that the initial clearance is such that deflection of the roller under a given load will cause the clearance to be taken up with the result that approximately full surface contact between the roller and the flange is secured. This result flows from the structure of applicants which appears to be identical with that of the reference so that this claim [claim 4] and claims 1 and 5 are considered not to distinguish *structurally or patentably* over the reference. (Italics ours.)

It will be observed that the board held that claims 1, 4, and 5, are not distinguishable over the reference *"structurally or patentably."* In other words, as we understand it, the board was of opinion that the claims here on appeal are distinguishable over the reference only in the functional limitations, hereinbefore quoted. We are in agreement with the board's statement. A limitation of the type here involved was considered by the Supreme Court of the United States in General Electric Co. v. Wabash Appliance Corp., 304 U.S. 364, 58 S.Ct. 899, 903, 82 L.Ed. 1402, and was held insufficient to render a claim patentable. In its decision the Court said: "A limited use of terms of effect or result, which accurately define the essential qualities of a product to one skilled in the art, may in some instances be permissible and even desirable, but a characteristic essential to novelty may not be distinguished from the old art solely by its tendency to remedy the problems in the art met by the patent. * * * The difficulty of making adequate description may have some bearing on the sufficiency of the description attempted, but it cannot justify a claim describing nothing new except perhaps in functional terms."

Under similar circumstances in United Carbon Co. v. Binney & Smith Co., 317 U.S. 228, 237, 63 S.Ct. 165, 87 L.Ed. 232, the Court said, citing General Electric Co. v. Wabash Appliance Corp., supra [317 U.S. 228, 63 S.Ct. 170]: "Whether the vagueness of the claim has its source in the language employed or in the somewhat indeterminate character of the advance claimed to have been made in the art is not material. An invention must be capable of accurate definition, and it must be accurately defined, to be patentable."

The Supreme Court of the United States further condemned a functional limitation at the point of alleged novelty in apparatus claims in the recent case of Halliburton Oil Well Cementing Co. v. Walker, 67 S.Ct. 6. In that decision the Court said, citing the cases of Holland Furnace Co. v. Perkins Glue Co., 277 U.S. 245, 48 S.Ct. 474, 72 L.

Ed. 868, and General Electric Co. v. Wabash Appliance Corp., supra: "The language of the claim thus describes this most crucial element in the 'new' combination in terms of what it will do rather than in terms of its own physical characteristics or its arrangement in the new combination apparatus. We have held that a claim with such a description of a product is invalid as a violation of Rev.Stat. § 4888." [67 S. Ct. 10].

See also In re Carr, 120 F.2d 386, 28 C. C.P.A., Patents, 1240, 1244, and In re Schmidt et al., 132 F.2d 869, 30 C.C.P.A., Patents, 785, 790.

In view of the decisions heretofore referred to, we must hold that claims 1, 4, and 5, which distinguish from the reference solely in terms of how the structure claimed will operate, are unpatentable.

The present situation is not analogous to that presented in such cases as In re McKee, 95 F.2d 264, 25 C.C.P.A., Patents, 1000, and In re Moeller, 117 F.2d 565, 28 C.C.P.A., Patents, 932, in which it is stated that an article, if new and inventive, may be defined in terms of the process by which it was made, if it cannot be properly defined in any other way.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.