### DABAH v. SIMMONS.
No. 225, Docket 22638.

United States Court of Appeals
Second Circuit.

Argued April 14, 1953.

Decided June 11, 1953.

Nathan Tolk, New York City, for appellant.

Milton H. Reuben, New York City, for appellee.

Before L. HAND, AUGUSTUS N. HAND and FRANK, Circuit Judges.

PER CURIAM.

This is an appeal from—petition to review—an order of the district court affirming an order of a referee, denying a bank-

rupt's discharge on two grounds: (1) that he failed to keep proper books and records, and (2) that he swore falsely at the first meeting of his creditors. We shall consider only the first ground. The bankrupt was what is known as a "free lance motion picture editor": that is, one to whom producers sent moving picture films when first made, for him to cut down, piece together and conform to their requirements. He testified that about ten per cent of his employment was on a "piece-work," and the rest upon a weekly, basis. The producers always treated him as an employee when on a weekly basis and withheld the federal tax upon what they paid him; not so, upon his "piece-work." However, when he produced a copy of his federal tax return for 1951, it appeared that only as to about one-fifth of his total receipts had he claimed credit for any tax withheld at the source, and that only two out of thirteen producers had withheld any tax. The referee found that, if he had received more than the "withholding slips" that these producers sent him, he had "failed to keep records touching 80 per cent of his earnings for that year. If he received others and did not produce them, concealment or destruction is the only inference warranted."

A witness for the objecting creditor contradicted the bankrupt by saying that in the industry, with which he was familiar, such men as the bankrupt were regarded as independent contractors, and did not get "withholding slips" from the producers; but apparently the referee accepted the bankrupt's testimony. An opposite conclusion would have convicted the bankrupt of false swearing; but, taking his version, there was certainly a discrepancy between his tax return and the facts. For example, he did not explain why he produced from the same producer one slip for $71.60, as to an item of $400, and no slip for an item of $1585. Nor did he account for the absence of any slips whatever in the case of ten other items aggregating more than $1000. His testimony as a whole was extremely confused and improbable, particularly when he said that he kept his income tax returns and withholding slips in odd cans left about in the laboratory where he worked. Finally, the referee was not satisfied with his explanation of the disappearance of the copies of his federal income tax returns for 1949 and 1950.

We can see no reason why a bankrupt, as taxpayer is not as much bound to the U. S. under § 14, sub. c(2)[1] to keep financial records from which his "financial condition" can be "ascertained" as he is bound to any other creditor. Simmons was earning a substantial income, on which in one way or another he paid nearly $600 of taxes in 1951; and it was his duty to preserve means by which the tax could be checked. We do not mean that the preservation of his "withholding slips" was an inevitable necessity—*arguendo,* we may assume that an adequate journal of receipts and expenses might serve; but it does seem to us that the referee was right in thinking that more was necessary than to leave his affairs so much at loose ends. Since 1938 it has not been necessary to prove any intent to conceal in order to satisfy this specification. We are to remember that "a discharge of a bankrupt from his debts is a privilege or favor that has been granted by Congress upon such terms as it has seen fit to impose".[2] Even as *res integra,* we should think it not "justified" to keep so little record on which one's income could be checked; and, as we have held,[3] the decision of the referee is controlling unless we are quite sure that it was wrong.

Order affirmed.

FRANK, Circuit Judge, concurring in the result.

1. § 32, sub. c(2), Title 11 U.S.C.A.

2. Kaufman v. Hurwitz, 4 Cir., 176 F.2d 210, 211.

3. Klein v. Morris Plan Industrial Bank, 2 Cir., 132 F.2d 809, 811, 144 A.L.R. 1278.