**Barnett BAKER, Bankrupt-Appellant,**

v.

**Hilbert I. TRACHMAN, Trustee-Appellee.**
**No. 199, Docket 24090.**

United States Court of Appeals
Second Circuit.

Submitted March 15, 1957.

Decided April 29, 1957.

Lillian B. Baker, New York City (Irving Barry, New York City, of counsel), for bankrupt-appellant.

Trachman & Krosner, New York City (Irving R. Krosner, New York City, of counsel), for trustee-appellee.

Before HINCKS, STEWART and LUMBARD, Circuit Judges.

PER CURIAM.

The debtor, Barnett Baker, appeals from an order of the district court sustaining the referee's refusal to grant a discharge in bankruptcy. The trustee specified two objections to the discharge; (1) the fact that Baker, when he filed his schedule failed to list, and when he was examined failed to testify to certain outstanding debts; and (2) that he also failed to keep or preserve books of account or records as required by the Act, 11 U.S.C.A. § 32, sub. c(2). The referee overruled the "failure to keep books" specification but sustained the other specification. The district court affirmed denial of the discharge, but reversed the referee on both grounds, holding that the failure to keep books objection was proved and that the omission of debts was not.

Baker, during the period in question, had been engaged in the sale and laying of floor covering. He operated, sometime before 1948, as "Baker's Flooring Service"; thereafter he, his son, Kazan and Rosen held equal shares in Causeway Carpet, Inc. In 1948, Baker and son bought out Kazan and Rosen's share in the business, and became personally and jointly obligated to them for the sum of $12,000. Certain corporate debts to Kentile, Inc., amounting to $26,000, were personally guaranteed by Baker. In 1951, Causeway Carpet failed and was petitioned into bankruptcy in Miami, Florida. Thereupon, Baker came to New York and went into business for himself as a floor

layer. In April 1954 Kentile, Inc. obtained judgment against him for $26,-610.38 and shortly thereafter in September 1954 the appellant, listing Kentile as his only creditor, voluntarily petitioned for an adjudication of bankruptcy.

### Failure to Keep Books of Account

The statute provides that the bankrupt will be denied a discharge if he "failed to keep or preserve books of account or records, from which his financial condition and business transactions might be ascertained, unless the court deems such * * * failure to have been justified under all the circumstances of the case." 11 U.S.C.A. § 32, sub. c(2).

There is no question that, except for income tax returns for 1952 and 1953 and 470 slips of paper showing "expenditures that is created from my traveling or labor from job to job," the debtor offered no contemporaneous records which described his finances from 1952 on. Baker's records were insufficient to ascertain "his business transactions for a reasonable period in the past," and under the rule of Matter of Underhill, 2 Cir., 1936, 82 F.2d 258 if records were necessary, his discharge should be barred.

Baker contends, however, that in his case no records were necessary beyond those adduced at the hearing, because under the circumstances his failure to keep books was justified. He states further that the referee's finding to this effect was discretionary and should not be reversed, citing Texas National Bank of Beaumont v. Edson, 5 Cir., 1939, 100 F.2d 789. In that case, the referee had many reasons for holding that a partial failure was justified. In the instant case, aside from the scope of the business involved, there appears to be no indication in the record of any fact or factor which would justify Baker's failure to do what the Act required. After it is established that records were not kept, the burden shifts to the debtor to prove justification.

White v. Schoenfeld, 2 Cir., 1941, 117 F.2d 131, 132. This burden is not met by a bald finding of the referee to that effect unsupported by any evidence.

The sole support for the referee's conclusion is the claim that records were not necessary for so small a business. This is based on our decision in Morris Plan Industrial Bank of New York v. Dreher, 2 Cir., 1944, 144 F.2d 60, where we held that an itinerant peddler of rags who did a cash business involving thousands of trivial transactions was not engaged in the type of business which would require record keeping. The case here is distinguishable. Baker was a contractor; he hired labor, billed for certain jobs, purchased materials, and performed on a small scale the same functions as any other flooring contractor. It is not the size of a business, but its complexity which should fix the bounds of the duty to keep records. 1 Collier, Bankruptcy, 131 (14th Ed.). And the burden is on the bankrupt to show that in his business records are not normally kept. White v. Schoenfeld, supra. Unlike a rag peddler, the evidence shows that a flooring contractor is engaged in the type of business which requires bills and invoices. Since the debtor failed to produce such records, and failed completely to justify their absence or to show that this type of business does not use them, we hold that there was ample support for the conclusion of the district court that the bankrupt had not justified his failure to keep records.

### False Swearing

We agree with Judge Galston that the evidence failed to establish a fraudulent intent to omit Kazan and Rosen as creditors from his schedules and his testimony. The district judge was free to draw his own conclusion from the facts as found by the referee. In re Sandow, 2 Cir., 1945, 151 F.2d 807, 809.

Affirmed.