Carlyle C. KARR, Bankrupt-Appellant,

v.

Gordon MARSHALL, Trustee in Bankruptcy, Appellee.

No. 55, Docket 25099.

United States Court of Appeals
Second Circuit.

Argued Dec. 12, 1958.

Decided Jan. 5, 1959.

Michael Berman, New York City, for bankrupt-appellant.

Frederic P. Houston, New York City (Russell E. Aldrich, of Aldrich & Aldrich, Poughkeepsie, N. Y., and Marks F. Paskes, New York City, on the brief), for appellee.

Before CLARK, Chief Judge, and HINCKS and LUMBARD, Circuit Judges.

PER CURIAM.

This is an appeal from an order reversing an order of a referee in bankruptcy to deny a discharge to a bankrupt for failure to keep or preserve books of account or records from which his financial condition and business transactions might be ascertained. Bankruptcy Act § 14(c), 11 U.S.C. § 32(c). Actually the bankrupt kept no books of account of any form. The only records he claimed to have kept were memoranda of items of income or expenditures which at the end of the year he turned over to an accountant who recorded the figures on a worksheet, prepared his income tax returns, and then discarded the originals. The bankrupt claims that, since he was only a commission salesman with minimal income, this was adequate; and the referee so found. Whether or not this ruling can be justified on the assumed facts we need not decide, since, as Judge Sugarman points out and the trustee's brief demonstrates, the record shows substantially greater business activities than these on the part of the bankrupt. He was officer and purchasing or selling agent of other businesses and was particularly active in behalf of Hytex Manufacturing Co., operated by his brother-in-law. The slight error made by the district judge in reading a concession of counsel over-

broadly does not destroy the significance of this evidence showing the complete inadequacy of these no longer existent memoranda to reflect his financial condition and business transactions within the statutory intent. Baker v. Trachman, 2 Cir., 244 F.2d 18; Dabah v. Simmons, 2 Cir., 205 F.2d 55; In re Underhill, 2 Cir., 82 F.2d 258, certiorari denied Underhill v. Lent, 299 U.S. 546, 57 S.Ct. 9, 81 L.Ed. 402.

Order affirmed.