Robert S. **MOFFETT**, Appellant,

v.

The **UNION BANK**, a California corporation, Appellee.

No. 21280.

United States Court of Appeals
Ninth Circuit.

May 4, 1967.

A. F. Leoni, Slate & Leoni, Los Angeles, Cal., for appellant.

Myron W. Curzon, Los Angeles, Cal., for appellee.

Before BARNES and JERTBERG, Circuit Judges, and * SMITH, District Judge.

BARNES, Circuit Judge:

Appellant Moffett was engaged in the business of manufacturing and selling insulation under the name of Insul Seal Products, Inc. until December of 1963. He then became employed as "National Franchise Director" of Richburger, Inc., which engages in the franchising and operation of restaurants. His function was

* Russell E. Smith, United States District Judge, District of Montana, sitting by designation.

that of a promoter, to find suitable locations and secure investors and operators for restaurants. His compensation was a commission based on the results achieved, approximately $500 per week. On occasion Richburger checks, which were signed with the amounts left blank, were delivered to appellant. At least two of these were filled out to cover gambling losses in Las Vegas. Appellant kept no books or records of his income or disbursements.

On March 8, 1965 appellant filed a petition in bankruptcy. He listed assets of $20,363 (all of which he claimed to be exempt) and liabilities of $3,217,065.55. On February 25, 1966 the referee denied him discharge because of his failure to keep records. 11 U.S.C. § 32(c) (2). The referee's determination was affirmed by the district court, and appellant has sought review here. 11 U.S.C. § 47(a).

Section 14(c) of the Bankruptcy Act (11 U.S.C. § 32(c)) provides:

"(c) The court shall grant the discharge unless satisfied that the bankrupt has * * * (2) destroyed, mutilated, falsified, concealed, or failed to keep or preserve books of account or records, from which his financial condition and business transactions might be ascertained, unless the court deems such acts or failure to have been justified under all the circumstances of the case; * * *."

The court below concluded that appellant's failure to keep records was not justified. The accuracy of that conclusion is the sole issue on appeal. We affirm.

Primarily the duty to keep records is measured by what is necessary to ascertain the bankrupt's financial status. See Burchett v. Myers, 202 F.2d 920, 926 (9th Cir. 1953), In re Gentile, 123 F. Supp. 723 (W.D.Ky.1954), In re La Belle, 112 F.Supp. 447, 450 (S.D.Calif.1953). The key factor to consider in regard to the duty to keep books is the complexity of the matters and transactions which would be recorded. See Baker v. Trachman, 244 F.2d 18 (2d Cir. 1957).

We note that appellant's earnings from his employer were measured by the results he achieved and therefore fluctuated. Such a circumstance, where the wages are not fixed in amount, together with other substantial activities (here gambling), militates in favor of the requirement of keeping records. See Karr v. Marshall, 262 F.2d 358 (2d Cir. 1959). The circumstances of this case are such that, absent records kept by the bankrupt, there would be no reliable way of ascertaining his financial condition. His earnings were erratic, including $3,417.00 in one eight day period. Indeed, the facts call into question the records of the employer since it was undenied that two checks issued to appellant were entered into the employer's books with erroneous figures.[1]

The burden was upon the objector to show that the records kept by the bankrupt were inadequate. This it did. The burden was then upon the bankrupt to show that the circumtances justified the failure to keep adequate records. Gunzburg v. Johannesen, 300 F.2d 40 (5th Cir. 1962), Baker v. Trachman, supra. The bankrupt failed to carry this burden before the referee, and we cannot say that the referee's determination was clearly erroneous. Rule 52(a), Fed.R.Civ.P.

Affirmed.

[1]. Check No. 540 in the amount of $1,000 was recorded as $100; No. 541 in the amount of $1,250 was recorded as $125.