In re Samuel R.
BENNINGFIELD, Jr., Debtor.

GRANGE MUTUAL INSURANCE
CO., Plaintiff,

v.

Samuel R. BENNINGFIELD,
Jr., Defendant.

Bankruptcy No. 2–88–01490.
Adv. No. 2–88–0183.

United States Bankruptcy Court,
S.D. Ohio, E.D.

Dec. 4, 1989.

Todd R. Marti, Schottenstein, Zox & Dunn, Columbus, Ohio, for Grange Mut. Ins. Co.

Jeffery Swick, Columbus, Ohio, for debtor.

David Whittaker, Columbus, Ohio, Chapter 7 Trustee.

Charles Caldwell, U.S. Trustee Office, Columbus, Ohio.

## OPINION AND ORDER ON COMPLAINT OBJECTING TO DISCHARGE

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court after trial of a Complaint objecting to discharge. The allegations of the complaint, filed by Grange Mutual Insurance Co. ("Grange"), were denied by Defendant Samuel R. Benningfield and the matter was tried to the Court. At trial, upon motion of the Defendant, all counts of the complaint were dismissed except for the count based upon 11 U.S.C. § 727(a)(3). This opinion was scheduled for oral delivery on December 7, 1989 at 2:00 p.m. Because it is now being issued in written form, the December 7, 1989 hearing is cancelled.

The Court has jurisdiction under 28 U.S.C. § 1334(b) and the General Order of Reference previously entered in this district. This action objecting to the granting of a discharge in bankruptcy is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J) which this bankruptcy judge may hear and determine.

## I. FINDINGS OF FACT

The facts in this matter as established by the evidence are as follows:

1. Defendant Samuel R. Benningfield ("Debtor") is a debtor in a Chapter 7 case pending before this Court which was commenced on March 21, 1988.

2. The Debtor has been employed throughout his life as a consultant in the areas of marketing, communication and public relations.

3. During the discovery phase of this adversary, the Debtor produced a large quantity of records at the request of Grange.

4. The records produced during this proceeding do not include backup data sufficient for a tax audit. Nor do those records include copies of cancelled checks from the Debtor's bank accounts as his bank does not provide such documents routinely. In addition, state and local tax returns were produced only for years for which such returns had been retained by the Debtor. Some years' returns were not so retained.

5. The Debtor has had no earned income since 1984.

6. The Debtor has been supported since 1984 by the earnings of his wife and by small amounts of interest income from a joint savings account maintained by the Debtor and his wife.

7. The records produced by the Debtor at the request of Grange includes the following:

a. Settlement Agreement with Mary Ellen Withrow regarding an account receivable of the Debtor.

b. Federal Tax Returns for the years 1982–1987.

c. State of Ohio Tax Returns for 1982–1984.

d. Letter to Mid–America Communications, Inc. dated July 15, 1983.

e. General Power of Attorney dated October 24, 1980.

f. Mortgage Deed, Recorded October 15, 1979.

g. Milwaukee Insurance Policy No. H034–1457537.

h. Homeowners Policy Renewal Certificate No. N 336912.

i. Milwaukee Insurance Renewal of Policy No. 1457537, with attachments.

j. TransOhio Savings Bank Passbook Savings transactions, No. 202–312.

k. Copies of Huntington National Bank Statements dated March 7, 1988 and February 4, 1988.

l. Copies of BancOhio Bank Statements with ending dates of March 17, 1988, February 17, 1988, January 19, 1988, and May 17, 1988.

m. Copies of Bank One Bank Statements for March 22, 1988 through May 23, 1988.

n. Copies of Vehicle Registration Cards for 1975 Buick and 1986 Lincoln.

o. Certain documents relating to utility bills, medical bills and medical insurance forms, correspondence with certain tax authorities, bank statements of mortgage payments, and documents of certain expense payments.

In addition to the records produced by the Debtor, Grange also obtained the following:

p. BancOhio Bank Statements from December 16, 1982 through October 18, 1988.

q. Huntington National Bank Statements from November, 1981 through March, 1988.

r. Statement of Financial Affairs, Schedules of Assets and Liabilities and Statement of Current Income and Expenses filed by the Debtor in his bankruptcy case.

## II. ISSUES

The issues before the Court are whether the Debtor is required to maintain books and records, and if he has such a duty, whether he has failed to keep or preserve recorded information from which his financial condition or business transactions might be ascertained within the meaning of § 727(a)(3).

## III. DISCUSSION

Section 727(a)(3) of the Bankruptcy Code provides that:

> (a) The Court shall grant the Debtor a discharge, unless—
>
> > (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

11 U.S.C. § 727(a)(3).

Bankruptcy Rule 4005 further provides that the ultimate burden of proof in an action to deny a discharge under § 727(a)(3) is on Grange, as the plaintiff.

Case law interpreting § 727(a)(3) of the Bankruptcy Code indicates that Grange, as the plaintiff, must first present a *prima facie* case that the Debtor has failed to keep adequate records. After that *prima facie* proof is produced, the burden of production then shifts to the Debtor, as the defendant, to explain why his failure to keep adequate records is justified under the circumstances. In all matters, however, the burden of persuasion, in the sense of the ultimate burden of proof, remains with the plaintiff. Bankruptcy Rule 4005; *First Federated Life Ins. Co. v. Martin (In re Martin)*, 698 F.2d 883, 887 (7th Cir. 1983); *Chittenden Trust Co. v. Mayo (In re Mayo)*, 94 B.R. 315, 321–22 (Bankr.D.Vt. 1988).

■ It further appears to the Court, however, that the requirement in § 727(a)(3) that the Debtor keep or preserve records from which his financial condition might be ascertained includes, as a necessary included assumption, that any records which have not been kept have possible material relevance to his financial condition. Case law and the Court's independent assessment of the requirements to establish an action under § 727(a)(3) also indicate that any explanation given by the Debtor to explain any deficiency in his records must be evaluated both for its credibility and reasonableness under the circumstances of this Debtor's affairs and degree of sophistication and for the materiality of any insufficiency. *Peoples State Bank of Mazeppa v. Drenckhahn (In re Drenckhahn)*, 77 B.R. 697, 707–08 (Bankr. D.Minn.1987).

■ The Court finds that the records produced by this Debtor are adequate for his circumstances. Although it is clear that the Debtor was at one time a sophisticated business person and has, in fact, had a rather interesting career, it is clear from evidence introduced at trial that medical problems arising from an automobile accident in the early 1980's have severely limited the Debtor's ability to earn income. He has no independent income and his household expenses are paid by his wife from her earnings. Therefore, the books and records this Debtor is required to keep are minimal. That alone means Grange has failed to meet its burden of proof. But beyond that, even if it should be determined that this Debtor is required to keep books and records, the Court finds that the Debtor has produced ample records to demonstrate not only his own lack of income and other financial dealings, but also to show the income of his spouse, who is not a debtor in this bankruptcy proceeding, and to show their joint expenses. Grange has had access to records which are sufficient to enable it to determine this Debtor's financial affairs.

Whether this sufficiency means that Grange failed to present a *prima facie* case is not completely clear. At the conclusion of Grange's case, the Court believed that there were questions that remained to be answered about whether the Debtor's failure to explain certain deductions taken in recent tax returns was justified, given his lack of supporting documentation. The Debtor's testimony in his case made it clear that the documents presented were adequate and that there was no failure on his part which needed to be justified under the circumstances of this case. Even if deficiency in the records were shown, however, any such insufficiency was irrelevant or immaterial to this Debtor's financial condi-

tion as that condition relates to legitimate concerns of a creditor in his bankruptcy case.

This case does not present a picture of a debtor who had no records or who refused to produce necessary records in his possession. The Court is convinced that this Debtor and his wife have been candid with the Court and that no evidence has surfaced that would indicate there is any "hidden agenda" or indeed any deficiency in their records which is either material or relevant to the Debtor's bankruptcy estate or to the issuance of his discharge in bankruptcy. This case, in the opinion of the Court, was not even close.

### IV. CONCLUSION

Based upon the foregoing, judgment is granted in favor of the Debtor and against the Plaintiff, Grange. The Debtor's discharge will issue from this Court in due course.

IT IS SO ORDERED.