**In re Lou Ann IREY, Debtor,**

**The FAHEY BANKING CO., Plaintiff,**

**v.**

**Lou Ann IREY, Defendant.**

**Bankruptcy No. 93–31119.
Adv. No. 93–3229.**

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

Sept. 9, 1994.

Robert Davidson, Marion, OH, for debtor/defendant.

Martin Hughes, III, Columbus, OH, for Fahey Banking Co.

## OPINION AND ORDER DISMISSING COMPLAINT TO DENY DISCHARGE AND DENYING MOTION TO DISMISS BANKRUPTCY CASE

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court on the Fahey Banking Co.'s ("Bank") complaint to deny Lou Ann Irey ("LAI") a discharge pursuant to 11 U.S.C. § 727(a) and to except the debt owed by LAI to the Bank from discharge under § 523(a). The Bank has also moved to dismiss LAI's chapter 7 case pursuant to § 707(b). The Bank orally dismissed its § 523(a) action against LAI at trial. The Court finds that the Bank's complaint to deny LAI a discharge is not well taken and should be dismissed. The Court further finds that the Bank's motion to dismiss LAI's chapter 7 case is not well taken and should be denied.

### FACTS

The debtor LAI filed a petition under chapter 7 of title 11 on April 9, 1993 (the "Petition Date").

LAI testified that she does not presently maintain a checking account. Although LAI retained the bank statements for a bank account which she held at the Marion Bank prior to the Petition Date, LAI failed to keep the cancelled checks and the check registers for such account.

LAI testified that she made a payment approximating $1,000.00 on a debt owed to the Marion Bank in the month prior to filing her petition in bankruptcy (the "Loan"). LAI incurred the Loan while she was unem-

ployed in order to pay her rent and utilities. LAI's father was a comaker on the Loan. LAI testified that she did not list this payment on the Loan on her statement of financial affairs.

At the hearing on this matter, LAI testified that she did not understand the meaning of the term "insider" when she completed her statement of affairs. LAI further testified that she did not understand the fact that a payment to a creditor on an account upon which her father was the comaker indirectly benefited her father.

LAI received an income tax refund (the "Refund") subsequent to the Petition Date in the amount of $1,400.00. LAI claimed an exemption in the amount of $400.00 pursuant to ORC § 2329.66 in the Refund. LAI also claimed an exemption under ORC § 2329.-66(A)(17) in the amount of $400.00 for "Any Property Chosen by Debtor", although the evidence before the Court does not indicate whether LAI intended any portion of this exemption to apply to the Refund. LAI failed to turnover the Refund to the bankruptcy trustee.

LAI further testified that she made payments to certain of her prepetition creditors subsequent to the Petition Date.

## DISCUSSION

### Burden of Proof

■ The Bank bears the burden of proof on its complaint to deny Irey a discharge by the preponderance of the evidence. *Adams v. Barclays/American Business Credit, Inc. (In re Adams)*, 31 F.3d 389, 394 (6th Cir. 1994) ("holding that the exceptions to dischargeability under Section 727 ... require proof by a preponderance of the evidence").

### Denial of Discharge Under § 727(a)(2)(B)

■ A debtor will be denied a discharge under § 727(a)(2) where:

the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under [title 11], has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

... (B) property of the estate, after the date of the filing of the petition[.]

The Bank has alleged that LAI "received income tax refunds which were assets of the bankruptcy estate and used them for her own purposes, including paying the pre-petition claims of unsecured creditors other than [the Bank]". *See* Pretrial Brief of Plaintiff, The Fahey Banking Company, at p. 4.

LAI acknowledges that she failed to turnover the nonexempt portion of the Refund to the Trustee. Nonetheless, the Court finds that LAI should not be denied a discharge for failing to turnover the nonexempt portion of the Refund to the Trustee. Significantly, the Bank did not carry its burden of demonstrating that LAI removed the Refund from the bankruptcy estate with the intent to "hinder, delay, or defraud a creditor or an officer of the estate". The evidence adduced at trial does not support an inference that LAI proceeded with the degree of gross recklessness from which a bankruptcy court will infer an intent to defraud. On the contrary, the evidence adduced at the hearing has convinced the Court that LAI's failure to turnover the Refund to the Trustee was inadvertent.

### Denial of Discharge Under 727(a)(3)

■ The Bank argues that Irey should be denied a discharge for her failure to maintain adequate records. The Court cannot concur.

A bankruptcy court should deny a debtor a discharge under § 727(a)(3) where:

the debtor has ... failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case[.]

The Court does not recommend LAI's method of prepetition recordkeeping which consisted of retaining monthly bank statements while discarding cancelled checks and check registers. Further, the fact that LAI has not maintained a checking account post-petition does not facilitate an expeditious review of her financial condition. Notwithstanding these facts, the Bank has failed to

carry its burden of demonstrating that the records produced by LAI were inadequate in light of her individual financial circumstances.

Initially, the Court finds it important to note that a number of bankruptcy courts have held that a debtor who has not maintained any records should not be precluded from receiving a discharge, based upon the facts presented in a particular case. *See Barthlow v. More (In re More),* 138 B.R. 102, 105 (Bankr.M.D.Fla.1992) (debtor who was a senior clerk at local community college was not engaged in occupation that required keeping of financial records); *Pilot Point Nat'l Bank v. Redfearn (In re Redfearn),* 29 B.R. 739 (Bankr.E.D.Tex.1983) (small farmer and rancher not required to keep books and records); *Spunt v. Wells,* 11 B.R. 438 (Bankr.D.R.I.1981) (failure of debtor to keep books and records did not require denial of discharge); *cf. United States v. Dorman (In re Dorman),* 98 B.R. 560, 571 (Bankr.D.Kan. 1987) (stating that "[l]ack of records does not by itself require denial of discharge").

■ A debtor's duty to keep records "extends to all material business transactions of the debtor, including those pertaining to another's property". *Office of Comptroller General of Republic of Bolivia on Behalf of General Command of Bolivian Air Force v. Tractman,* 107 B.R. 24, 26 (S.D.N.Y.1989). Nonetheless, § 727(a)(3) does not operate "in a draconian fashion to require maintenance, preservation, and production of comprehensive records of every minute detail of a debtor's financial and business activity as a precondition to a grant of discharge". *James v. McCoy (In re McCoy),* 114 B.R. 489, 500 (Bankr.S.D.Ohio 1990).

■ Bankruptcy courts have determined the extent to which a debtor is required to keep books and records on a case-by-case basis. *In re McCoy,* 114 B.R. at 489. In making this determination, a court must examine the debtor's:

(a) occupation

(b) financial structure

(c) education

(d) experience

(e) sophistication

(f) other factors which the court may look to in the interest of justice.

*United States v. Trogdon (In re Trogdon),* 111 B.R. 655, 658 (Bankr.N.D.Ohio 1990) (citations omitted); *c.f. Meridian Bank v. Alten,* 958 F.2d 1226, 1231 (3rd Cir.1992) (stating that "[t]he issue of justification depends largely on what a normal, reasonable person would do under similar circumstances") (quoting *In re Wilson,* 33 B.R. 689, 692 (Bankr.M.D.Ga.1983)).

Although LAI indicated that she was employed at a local bank at some time prior to the Petition Date, this factor alone does not warrant requiring LAI to produce substantial records. The Bank did not introduce any evidence that LAI possessed a complex financial structure. Moreover, the Bank did not adduce any evidence indicating that LAI has the education, experience or sophistication which would warrant requiring her to produce substantial records. *See Blockman v. Becker (In re Blockman),* 74 B.R. 233, 236 (Bankr.E.D.Tenn.1987) (finding that debtor who had abandoned his home construction business was "held to the same standard as an ordinary consumer debtor" and was not required to keep a checking account); *Hunter v. Kinney (In re Kinney),* 33 B.R. 594 (Bankr.N.D.Ohio 1983) (denial of discharge not warranted in case where debtor/landlord kept no records of disbursements and was unable to provide records of cash receipts because of flood where debtor demonstrated little knowledge or ability to keep books and records); *see also Grange Mutual Ins. Co. v. Benningfield (In re Benningfield),* 109 B.R. 291 (Bankr.S.D.Ohio 1989) (holding debtor who was formerly a sophisticated businessperson to a lesser standard of recordkeeping where debtor had medical problems arising from an automobile accident that limited his ability to earn income); *G & J Investments v. Zell (In re Zell),* 108 B.R. 615 (Bankr. S.D.Ohio 1989) (denial of discharge not warranted for debtor who failed to produce business records where debtor was an unsophisticated businesswoman and relied upon another person to maintain books and records); *Soukup v. Ionna (In re Ionna),* 74 B.R. 255 (Bankr.S.D.Ohio 1987) (creditor failed to carry burden of proof under § 727(a)(3) where

creditor provided no evidence that debtor's recordkeeping was inappropriate for debtor's particular business, and debtor provided creditor with tax returns and bank statements).

**Denial of a Discharge Under § 727(a)(4)**

■ A debtor will be denied a discharge under § 727(a)(4) where:

the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account[.]

The Bank's argument that LAI should be denied a discharge because she failed to disclose the Loan Payment in her statement of financial affairs is unpersuasive.

LAI undoubtedly failed to disclose the Loan payment to Marion Bank. Nonetheless, the Court cannot conclude that such nondisclosure was knowing or fraudulent. In light of the dollar value and the isolated nature of the Loan payment, the Court cannot conclude that nondisclosure of the Loan payment represented the type of gross recklessness from which a bankruptcy court will infer an intent to defraud. Rather, the Court credits LAI's testimony that she inadvertently failed to disclose the Loan payment on her statement of financial affairs. LAI's testimony has convinced the Court that she did not understand the meaning of the term "insider" when she completed her statement of financial affairs. Further, LAI's testimony has also persuaded the Court that she did not understand the fact that the Loan Payment indirectly benefited her father.

**Denial of a Discharge Under § 727(a)(5)**

A debtor will be denied a discharge under § 727(a)(5) where:

the debtor has failed to explain satisfactorily ... any loss of assets or deficiency of assets to meet the debtor's liabilities[.]

Although the Bank argued in its pretrial brief that LAI should be denied a discharge based upon alleged variances between the values of assets and liabilities listed on her bankruptcy schedules and values of assets and liabilities contained in a financial statement which was submitted to the Bank, the Bank failed to provide any probative evidence in support of this argument at the hearing on this matter. Therefore, LAI should not be denied a discharge under § 727(a)(5).

**Denial of a Discharge Under § 727(a)(6)**

■ A debtor will be denied a discharge under § 727(a)(6) where:

the debtor has refused, in the case—

(A) to obey any lawful order of the court, other than an order to respond to a material question or to testify[.]

At trial, LAI indicated that she had provided the Bank with all of the financial information requested by the Bank which was in her possession. Further, LAI submitted to a deposition taken by the Bank. Although the Court cannot condone LAI's failure to comply with the Bank's discovery requests in a more expeditious manner, the denial of discharge under § 727(a)(6) is unwarranted. *Compare Commerce Bank & Trust v. Burgess (In re Burgess)*, 955 F.2d 134, 138 (1st Cir.1992) (discharge would not be denied under § 727(a)(6) where schedules, although untimely filed, were filed with the court and "there was no evidence either of harm to creditors or contumacy").

**Dismissal Under § 707(a)**

■ The Bank's argument that LAI filed her petition in bad faith "with the intent of repaying all unsecured creditors in full, except [the Bank]" is unsupported by the evidence. *See* Pretrial Brief of Plaintiff, The Fahey Banking Company, at p. 3. LAI admits making the Loan Payment which payment indirectly benefited her father. Moreover, LAI admits making postpetition payments to certain prepetition creditors. Contrary to the Bank's arguments, these facts do not meet the Bank's burden of establishing "cause" for dismissal under § 707(a).

In light of the foregoing, it is therefore

ORDERED that the Fahey Banking Company's complaint to deny Lou Ann Irey a discharge be, and it hereby is, dismissed. It is further

ORDERED that the Fahey Banking Company's motion to dismiss Lou Ann Irey's chapter 7 case be, and it hereby is, denied.