In re Kenneth Anthony SHULTS and, Pamela Joan Shults, Debtors.

Gene GABRIELLI, Appellee,

v.

Kenneth Anthony SHULTS and, Pamela Joan Shults, Appellants.

BAP No. NV–82–1128 EVH.
Bankruptcy No. 80–513.
Adv. No. 80–0089.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued Nov. 18, 1982.

Decided Feb. 4, 1983.

P. Gregory Giordano, Reno, Nev., for appellants.

John W. Aebi, Carson City, Nev., for appellee.

OPINION

Before ELLIOTT, VOLINN and HUGHES, Bankruptcy Judges.

ELLIOTT, Bankruptcy Judge:

The debtors appeal the trial court's denial of discharge pursuant to Bankruptcy Code § 727(a)(2).

The debtors filed their chapter 7 case in July of 1980. In answer to the question in their statement of affairs as to what tax refunds they might be entitled to, the debtors replied "none". In fact, they received an income tax refund for the calendar year 1980 in the sum of $3855.00.

The questions presented are whether the debtors intentionally concealed the expectation of a tax refund or knowingly and fraudulently made a false oath to the statement of affairs. We answer both questions in the negative and reverse.

■ Plaintiffs filed a complaint objecting to discharge and seeking a determination of nondischargeability. However, the case was not tried on the basis of the facts alleged in the complaint. The trial court found that the defendants, through failure to object, had impliedly consented to trial of the plaintiff's claims for relief as presented. See Bankruptcy Rule 715 incorporating Fed.R.Civ.P. 15(b). We agree the debtors impliedly consented to submission of the plaintiff's objection to discharge.

■ The trial court denied discharge under § 727(a)(2) on the grounds that the debtors intended to conceal their tax refund. See § 727(a)(2). The plaintiffs also claim denial of discharge is warranted under § 727(a)(4)(A). We may only reverse or remand the decision if its determination is clearly erroneous. BAP 9th Cir. Rule 8001; Bankruptcy Rule 810; In re Huntington, Ltd., 654 F.2d 578, 583 (9th Cir.1981). The burden of proof on this issue is the same preponderance of evidence standard that governs ordinary civil litigation. Union Bank v. Blum, 460 F.2d 197, 200–01 (9th Cir.1972); Farmers Co-op. Ass'n of Talmage, Kan. v. Strunk, 671 F.2d 391, 395 (10th Cir.1982). Accord: In re Slocum, 22 F.2d 282, 285 (2d Cir.1927).

■ The trial court reached its conclusion that the debtors intentionally concealed their tax refund because they had answered "none" in response to question number 6(c) of their statement of affairs. That question asks, "To what tax refunds (income or other), if any, are you or may you be enti-

tled?" We hold that the trial court's conclusion, that the Shults intentionally sought to hide assets by falsely answering question number 6(c) of the statement of affairs, is clearly erroneous. To infer that a debtor is concealing assets by answering question number 6(c) in the negative where, as here, the income tax year in questions is only one half completed is to demand certainty when none exists.

The suggestion that the debtors should have detailed any expectation of receipt of a refund no matter what its degree of contingency ignores the confusing nature of the question. As of the date of bankruptcy the debtor was not entitled to a refund for the current year and would not become eligible for one until the close of the taxable year. Thus, the only possible basis for finding the answer "none" false is the notion that the language "may you be entitled" speaks to the future. We do not believe that is what the question means. We believe it is intended to elicit information about any possible refunds to which a debtor knows he is presently entitled or thinks he presently may be entitled. So read, the only correct answer was "none."

■ Even if the question is read differently, this is hardly evidence that the debtor sought to conceal the property within the meaning of § 727(a)(2). The evidence did not demonstrate that, as of the filing date, the debtor's tax status was such that they should have reported an expected refund. It is common knowledge that many variables affect an individual's entitlement to a federal income tax refund. The testimony of the debtors reflected various factors which rendered the amount of any expected refund entirely uncertain. That the debtors may have entertained an expectation of a refund cannot be held against them given the uncertainties involved.

The trial court, however, discounted the Shults' claim that they innocently misunderstood the question. The court found it significant that Mr. Shults had previously filed bankruptcy and therefore must have been familiar with bankruptcy procedure. However, this presumption of knowledge by

the debtor cuts both ways. A person familiar with bankruptcy procedure would not intentionally seek to hide a $3,855.00 tax refund in these circumstances, even if we assume that he should have anticipated a refund. Because the bankruptcy was filed mid-year only a fraction of that sum was property of the estate. *See Segal v. Rochelle,* 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966); *Kokoszka v. Belford,* 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974). Undisputed factual assertions contained in the record indicate that the debtors claimed the federal exemptions and that they had assets whose value totalled barely more than $1,000.00. Because this case was filed July 31, 1980 and Nevada disallowed the federal exemptions effective May 27, 1981, the federal exemptions are authorized in this case. *See* Nev.Rev.Stat. 21.090(3) (1981 Stats. of Nev., Vol. I, Chap. 341, §§ 3–4 at 627.) Given the availability of the federal "wildcard" exemption potentially totalling $7,900 in any property for each spouse [*see* Bankruptcy Code § 522(d)(1), (5)], it is inconceivable that a well informed debtor would consciously seek to hide the refund.

■ We do not hold that if the property is exempt, acts described in Bankruptcy Code § 727(a)(2), or § 727(a)(4)(A) are forgiven because the creditors are not damaged. Rather, we hold that even if "none" was an improper answer to question 6(c), its ambiguity and the manifest unprofitability to the debtors of hiding the refund negate any inference that they held the dishonest intent required by § 727(a). Although the trial court did not reach the § 727(a)(4)(A) issue, we need not remand that issue because both theories depend upon the assertion, rejected by us, that it has been shown that question 6(c) was dishonestly answered.

REVERSED and REMANDED and remand for consideration of any issues not reached by the trial court in the first instance.